# CRAVEN,
*Petitioner,*

*v.*

# JACKSON COUNTY,
*Respondent,*

# SAMAD,
*Respondent.*

## (LUBA 88-023; CA A49322)

764 P2d 931

Sandra Smith Gangle, Salem, argued the cause and filed the brief for petitioner.

E. R. Bashaw, County Counsel, Medford, argued the cause for respondent Jackson County. With him on the brief was Wendie L. Kellington, Assistant County Counsel, Medford.

Karen C. Allan, Medford, argued the cause for respondent U. Andrew Samad. With her on the brief was Foster, Purdy, Allan & Peterson, Medford.

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, Michael D. Reynolds, Assistant Solicitor General, and Gabriella I. Lang, Assistant Attorney General, Salem, filed a brief for intervenor Department of Land Conservation and Development.

Before Richardson, Presiding Judge, and Deits and Riggs, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Petitioner seeks review of LUBA's decision affirming Jackson County's approval of a conditional use permit for the operation of a winery on respondent Samad's (respondent) property in an exclusive farm use zone. The approval was granted pursuant to ORS 215.283(2)(a) and related county legislation. The state statute authorizes local governing bodies to permit, as a nonfarm use in EFU zones, "[c]ommercial activities that are in conjunction with farm use." *See also* ORS 215.213(2)(c). The contention which petitioner now makes through his principal assignment is that the winery and the incidental uses the county has authorized are not activities that are in conjunction with farm use.[1]

We adopt LUBA's statement of the facts:

"The applicant proposes to establish a vineyard and winery on a 23 acre parcel zoned Exclusive Farm Use (EFU). The proposed winery is to be constructed before the accompanying vineyard is fully planted. The winery will process grapes grown on site and at other vineyards, but as the accompanying vineyard produces more grapes, the percentage of wine produced from those grapes will increase.

"The proposed winery is to be constructed in two stages, with a total annual production capacity of 20,000 gallons. The first stage of approximately 7,500 gallon capacity is planned for this year, and the balance for 1994.

"Attached to the approval are a number of conditions, one of which requires the applicant to plant no fewer than 12 acres of grapes within five years. The applicant plans ultimately to plant up to 18 acres of grapes. The conditions also limit retail sales at the winery to wine and other products produced or bottled on the premises with the exception of cork screws, posters of the winery, wine books, postcards of the winery, glasses and T-shirts bearing the winery name and logo."

---

[1] The county, respondent and the intervenor Department of Land Conservation and Development (DLCD), *see* ORAP 5.18, contend that petitioner's current argument goes beyond what he argued to LUBA and should not be reached. His contention to LUBA was that the permit should not have been allowed, because there was no existing farm use on respondent's parcel at the time the winery was approved, although a phased vineyard use is planned. His argument to us espouses additional reasons why the winery use does not come within ORS 215.283(2)(a). We think that the present argument is sufficiently related to the one that petitioner presented to LUBA for us to address it.

Petitioner's specific bases for contending that the use is not one that is in conjunction with farm use are that the winery is a separate enterprise which is not connected with "any existing farm operation on [respondent's] land or on neighboring lands"; that it will procure some of the grapes it processes from growers within the county but outside the immediate vicinity; that the tasting rooms and sale items have no relationship to farm operations; that the winery will provide products and services to the public and to tourists rather than benefit surrounding agricultural operations; and that permitting the winery in the EFU zone will create a "substantial danger of erosion of the legislative policy whereby agricultural lands should be preserved and maintained for agricultural uses."

Some of petitioner's points are adversely answered by *Earle v. McCarthy,* 28 Or App 539, 560 P2d 665 (1977), where we upheld Marion County's conditional use permit for a hop warehouse on an EFU parcel on which no independent farming activities were conducted. We explained that the "facility would store a large volume of crops from many hop growers" and "would also store and sell string and burlap for hop production." 28 Or App at 541. We construed a county ordinance provision, which was materially identical to ORS 215.283(2)(a) and ORS 215.213(2)(c), and concluded:

"Ordinance Section 136.230, pursuant to ORS 215.213, lists the permissible conditional uses in an EFU zone:

" 'The following non-farm uses may be established, subject to the approval as provided in Chapter 119 of the Uniform Zone Code.

" '* * * * *

" '(b) Commercial activities that are in conjunction with farm use;

" '* * * * *.'

"It is subsection (b) that plaintiffs erroneously contend is limited to on-site produce. To the contrary, since 'Commercial activities that are in conjunction with farm use' is designated by the ordinance and the statute as 'nonfarm use,' then it must allow something more than what would be allowed as a 'farm use.' It is reasonable, therefore, to construe the term as

including a warehouse for the commercial storage of agricultural products of lands other than that on which the warehouse is located. Accordingly, we hold that such a use is a permitted conditional use in an EFU zone." 28 Or App at 542.

*See also Balin v. Klamath County,* 3 LCDC 8 (1979).

■      Petitioner attempts to distinguish *Earle* on the grounds that, unlike the winery here, the hop warehouse served only farming operations in immediate proximity to the facility and that the string and burlap sales were a direct service to local farmers rather than "tourists from outside and far beyond the local farm community." DLCD responds:

"To the extent, however, that Petitioner here is arguing that a winery must be immediately adjacent to or contiguous to the grape growers providing the products for processing, Petitioner is incorrect. First, this assertion ignores the realities of an agricultural area. A commercial activity in conjunction with farm use must serve a local agricultural community, not just the next door neighbors. Proximity depends on the activity and service provided.

"Second, Petitioner's reliance on *Earle v. McCarthy,* 28 Or App [539], 560 P2d 665 (1977) and *Balin v. Klamath County,* 3 LCDC 8 (1979), in support of this position is misplaced. Nothing in *Earle* suggests the hop warehouse approved as a commercial warehouse would serve only neighboring farms. The warehouse would store a large volume of crops for many hop growers and sell string and burlap. *Earle v. McCarthy, supra,* p. 541. In *Balin,* the farm implement dealership was for the benefit of the Klamath Basin, including Klamath County, Oregon and Siskiyou County, California. These commercial activities approved in EFU zones did not just serve contiguous or adjacent property owners."

We agree with DLCD, and we reject petitioner's contentions that the use is not connected with farming because no independent grape growing activities are now being conducted on the parcel and because the winery may serve grape farming operations which are not located in the immediate vicinity.[2]

■      We also reject petitioner's argument that the winery

---

[2] No additional separate discussion of *Balin v. Klamath County, supra,* or of petitioner's arguments regarding it is necessary. We emphasize that our conclusions in this case do not imply whether arguments similar to some of petitioner's would be meritorious as applied to different facts.

use is not connected with farm use because it serves "tourists" rather than farmers. It serves both. A commercial use which assists farmers in processing and marketing crops can be as supportive of agricultural operations as one which aids them in producing crops. The fact that the marketing technique may prove to be effective enough to attract travelers hardly means that the farmers whose processed produce the travelers purchase are not benefited.

■        A closer question is presented by petitioner's argument that the tasting rooms and sale items, such as glasses and T-shirts, are not connected with farm use, whether or not the winery operation itself is. We conclude that it is consistent with the statute for the county to determine that incidental activities of those kinds can be permitted, to the extent that they are secondary to and support the wine processing and selling activities of the winery. *See Cook v. Yamhill County,* 13 Or LUBA 137 (1985). There is, of course, a risk of the tail wagging the dog in many situations where secondary activities are permitted because they serve primary ones, but petitioner offers no reason for concluding that that risk is present here.

■        Petitioner's final point is that the winery will divert agricultural land to nonfarm use. The primary purpose of ORS 215.213 and ORS 215.283 is to authorize and to define the circumstances when *nonfarm* uses may be allowed in EFU zones. Although the statutes are not designed to promote the diversion of farm land from farm use, they very clearly contemplate that certain non-agricultural uses are permissible in agricultural zones, because they support farm operations or are deemed allowable for other reasons which have impressed the legislature. *See, e.g., Newcomer v. Clackamas County,* 92 Or App 174, 758 P2d 369, *modified* 94 Or App 33, 764 P2d 927 (1988); *Hopper v. Clackamas County,* 87 Or App 167, 741 P2d 921 (1987), *rev den* 304 Or 680 (1988). As we indicated in *Newcomer,* ORS 215.283 and ORS 215.213 contain many internal standards to limit the nonfarm uses they authorize and, thereby, to promote the objective of preserving farm land for farm use. However, it is a *non sequitur* to argue, as petitioner essentially does, that the nonfarm commercial uses, which ORS 215.283(2)(a) expressly allows to be conducted *in conjunction with* farm use, should not be permitted because they are not farm uses. None of petitioner's arguments persuades us that the winery is not a commercial use of the kind

ORS 215.283(2)(a) and its county analogs authorize or that those provisions were misapplied by the county in allowing the permit.

Petitioner's other assignments do not merit discussion.

Affirmed.